14-3906-cv
*VRG Linhas Aereas S/A v. MatlinPatterson Global Opportunities Partners II L.P., et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            ROSEMARY S. POOLER,
            DENNY CHIN,
                    *Circuit Judges.*

---

VRG LINHAS AEREAS S/A,

       *Petitioner-Appellant,*

       v.                                                      No. 14-3906-cv

MATLINPATTERSON GLOBAL OPPORTUNITIES
PARTNERS II L.P., MATLINPATTERSON GLOBAL
OPPORTUNITIES PARTNERS (CAYMAN) II, L.P.,

       *Respondents-Appellees.*

---

**FOR PETITIONER-APPELLANT:**   DONALD FRANCIS DONOVAN (Carl J. Micarelli, Terra L. Gearhart-Serna, Natalie J. Lockwood, *on the brief*), Debevoise & Plimpton LLP, New York, NY.

**FOR RESPONDENTS-APPELLEES:**   ROBERT H. SMIT (Tyler B. Robinson, Joshua M. Slocum, William Pilon, *on the brief*), Simpson Thacher & Bartlett LLP, New York, NY.

Appeal from an October 2, 2014 judgment of the United States District Court for the Southern District of New York (Miriam Goldman Cedarbaum, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Before us is the second appeal taken by Petitioner-Appellant VRG Linhas Aereas S.A. ("VRG") in an effort, thus far unsuccessful, to confirm in U.S. courts an arbitral award issued by a Arbitral Tribunal in Brazil against Respondents-Appellees MatlinPatterson Global Opportunities Partners II L.P. and MatlinPatterson Global Opportunities Partners (Cayman) II L.P. (collectively, "MatlinPatterson").

We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, and we recite here only those facts most relevant to the resolution of this appeal. This case arose out of the 2007 acquisition of VRG by a Brazilian corporation from two of MatlinPatterson's indirect subsidiaries, by means of a Purchase and Sale Agreement ("PSA"), which, notably, MatlinPatterson did *not* sign. MatlinPatterson *did* simultaneously execute a one-page letter agreement, known as Addendum 5, by which it agreed not to compete with VRG for a period of three years. When a dispute arose shortly thereafter regarding a purchase price adjustment provision in the PSA, VRG referred the dispute to arbitration and named MatlinPatterson a party, over its objections. Ultimately, a three-member Arbitral Tribunal found that MatlinPatterson had agreed to arbitrate all issues arising under the PSA, including the parties' purchase price dispute, and issued an award holding MatlinPatterson liable for what the arbitrators characterized as fraudulent misrepresentations to VRG. Brazilian courts later denied MatlinPatterson's successive attempts to vacate the arbitral award.

When VRG sought to confirm the award here pursuant to the New York Convention, the District Court denied enforcement on the grounds that, even assuming for the sake of argument that MatlinPatterson had agreed to arbitrate disputes over its non-compete agreement, it had not agreed to arbitrate the purchase price issue, which arose under the PSA it did not sign. On an initial appeal, this Court vacated and remanded. *VRG Linhas Aereas S.A. v. MatlinPatterson Global Opportunites*

2

*Partners II L.P.*, 717 F.3d 322 (2d Cir. 2013). We instructed that the District Court must decide the issue it had previously assumed—that is, "whether the parties *actually* reached an agreement to arbitrate . . . ." *Id.* at 326. We further instructed that such an agreement could only be found if the District Court determined that the parties "clearly and unmistakably committed to arbitrate questions of arbitrability." *Id.* Given the contractual circumstances of this case, we explained that, if MatlinPatterson had agreed to be bound by the terms of the arbitration clause appearing at Section 14 of the PSA, the District Court would be required to confirm the arbitral award. Conversely, if MatlinPatterson had not agreed to the terms of PSA Section 14, the District Court would be compelled to deny VRG's petition. On remand, the District Court found that MatlinPatterson had not agreed to the terms of Section 14, and thus denied VRG's petition to confirm the award. This second appeal followed.

We review a district court's legal interpretations of the New York Convention as well as its contract interpretation *de novo*, and review findings of fact for clear error. *VRG Linhas Aereas S.A.*, 717 F.3d at 325 (citations omitted). Though VRG contends, once again, that the District Court erred by failing to directly enforce or give preclusive effect to the judgments of the Brazilian courts, we have already decided that the threshold issues of arbitrability arising here are "question[s] to be decided under United States arbitration law." *Id.* (citing *Sarhank Grp. v. Oracle Corp.*, 404 F.3d 657, 659 (2d Cir. 2005)).

Upon review, we affirm the District Court's holding that MatlinPatterson did not agree to the terms of Section 14 of the PSA. As the District Court found, MatlinPatterson signed only Addendum 5, a separate letter agreement containing a single non-compete obligation. J.A. 169. Though it mentions the PSA in the subject line and once again in the text, Addendum 5 does not expressly incorporate the entirety of the PSA's terms. Rather, by its terms, Addendum 5 is itself an "instrument [that] shall constitute pursuant to the best terms of the law a firm and valid commitment." *Id.* Notably, Addendum 5 refers only to a single specific provision in the PSA—the non-compete clause. Where, as here, the parties to an agreement choose to cite in the operative contract "only a specific portion" of another agreement, we apply "the well-established rule that 'a reference by the contracting parties to an extraneous writing for a particular purpose makes it part of their agreement only for the purpose specified.'" *Lodges 743 & 1746, Int'l Ass'n of Machinists & Aerospace Workers v. United Aircraft Corp.*, 532 F.2d 422, 441 (2d Cir. 1975) (quoting *Guerini Stone Co. v. P. J. Carlin Constr. Co.*, 240 U.S. 264, 277 (1916)). Further, because Addendum 5 actually restates the referenced non-compete provision in full within its own text, it functions as a self-contained, stand-alone agreement, without requiring separate consultation of the PSA.

Because Addendum 5 contains no arbitration clause of its own, and because it does not incorporate the PSA's arbitration clause within Section 14, we conclude, like the District Court, that MatlinPatterson did not agree to arbitrate. In the absence of any threshold arbitration agreement,

3

and in accordance with the calculus set forth in our prior decision, we affirm the District Court's judgment denying VRG's petition to confirm the arbitral award.

## CONCLUSION

We have considered all of the remaining arguments raised by VRG on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk